By the Court.
Plaintiff in error, Luther M. Nesmith, was indicted by the grand jury of Wood county for practicing medicine without a license as required by Section 1269 et seq., General Code.
He was found guilty by a jury in the court of common pleas. Motion for new trial was overruled, and judgment entered on the verdict. Error was prosecuted to the court of appeals, which court affirmed the judgment below.
Questions raised in the courts below which are now urged here as grounds for reversal are rather numerous. Those that merit consideration are the following:
1. The unconstitutionality of the State Medical Act under which he was prosecuted.
2. That counsel for plaintiff in error in his opening statement to the jury was unreasonably limited by the trial judge when he undertook to *159 state to the jury that there was a conspiracy among certain persons in said Wood county to prosecute the plaintiff in error and deprive him of the right of practicing medicine as a chiropractic; that the trial court likewise unreasonably limited plaintiff in error in refusing to permit him to introduce testimony in evidence tending to show such conspiracy.
3. For substantial error, whereby he was denied the right to a fair trial and a legal review of all proceedings in the trial court, by the stenographer failing to take the arguments of counsel and the comment of the court relating thereto, which comment it is claimed was prejudicial to the plaintiff in error, and deprived him of the fair and impartial trial guaranteed by the constitution.
It has long been well settled in the jurisprudence of Ohio as well as of other states that the general assembly has the right to reasonably regulate business and occupations and those desiring to follow the same, especially physicians and surgeons. It would be superfluous to quote authority upon this proposition. In addition, however, legislation of the character in question in this case is clearly within the police power upon the further and higher ground, the regulation of public health.
All persons engaged in the practice of the healing art need have special qualifications touching the knowledge of the human body in all its parts, their normal and abnormal relations, — not only knowledge that would enable all such persons to carefully and correctly diagnose physical and mental ailments, but also an ability to prescribe the proper treatment therefor.
*160 The public needs relating to the conservation of the public health are so manifest that it would seem unnecessary to further consider the general scope of this character of legislation, as to whether or not it is within proper constitutional limitations. No special provision of the statutes is called in question here, but rather the act as a whole. We find the various sections of the State Medical Act, so far as they relate to the case at bar, valid and constitutional provisions of the law.
Touching the second error claimed, that of conspiracy, it is sufficient to say that the error claimed is at least a novel one. Conspiracies are often charged as being formed for the purpose of avoiding or defeating the law, of nullifying the law, but it is rather unusual- to find a charge of conspiracy to enforce the law. If there could be more leagues, or covenants, to bring about the enforcement and administration of the law as it is written, we would probably have a less lawless people, — law and order being at the foundation of all stable and successful governments. ^ It is somewhat difficult to understand how obedience and respect for law upon the part of certain groups of citizens, as against others disposed to défy or defeat the law, could be utilized to enable the latter to violate the law with immunity or impunity.
Obviously, if any witness called by the state to establish any essential elements of a crime charged were exercising any-special zeal or interest in the transaction concerning which he was examined, such fact might be shown as affecting his credi *161 bility; but such a status nowhere appears in this case.
As for the third ground of error, the failure of the stenographer to take a copy of the arguments of counsel and the comment of the court thereon, it is sufficient to say that the statutes providing for a bill of exceptions, either upon the stenographic notes, or long hand, or memory, concerning the actual transactions occurring during the trial in the presence of the court and jury, are sufficient to safeguard all the rights of the defendant.
These statutes are abundantly ample to enable the party on trial to prepare a correct bill of exceptions for review by a trial court when such exceptions are duly allowed by the trial judge. If he fails to allow them, the presumption is that the transaction did not occur; at least not in the manner claimed by the party excepting.
At all events, the matter complained of evidently related very largely to the conspiracy claimed under the second ground of error, and in that event could in no wise be competent as the basis of any argument to the jury or in the deliberations of the jury as to their verdict. The evidence in this case was quite sufficient to sustain the verdict of guilty.
We find no prejudicial error affecting the substantial rights of plaintiff in error, and the judgments below are affirmed.

Judgments affirmed.

Jones, Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.